Austin W. Anderson, austin@a2xlaw.com
(Application for Admission *Pro Hac Vice* anticipated)
Clif Alexander, clif@a2xlaw.com
(Application for Admission *Pro Hac Vice* anticipated)
ANDERSON ALEXANDER, PLLC
Attorneys For Plaintiffs
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone (361) 452-1279

Andrew W. Stavros (8615)
Austin B. Egan (13203)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: (801) 758-7604
Fax: (801) 893-3573
andy@stavroslaw.com
austin@stavroslaw.com

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| VERONICA STENULSON and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROI SOLUTIONS, LLC,<br><br>Defendant. | **COMPLAINT**<br><br>**(PROPOSED FLSA COLLECTIVE ACTION TO 29 U.S.C §216(b)**<br><br>**(PROPOSED CLASS ACTION PURSUANT TO FED. R. CIV. P. 23)**<br><br>**(JURY DEMANDED)**<br><br>**Case No. 2:20-cv-00614-DBB**<br><br>**Judge David Barlow** |

Plaintiff Veronica Stenulson ("Stenulson") brings this action individually and on behalf of all current and former hourly non-exempt call-center employees (hereinafter "Plaintiff and the Putative Class Members") who worked for ROI Solutions, LLC, (hereinafter "Defendant" or

1

"ROI"), anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §216(b) and the Montana Wage Payment Act, MONT. ADMIN. R. tit, 24, ch 16., *et seq*.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b), while her Montana state law claim is asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1.      This is a collective action to recover overtime wages, liquidated damages and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a Federal Rule of Civil Procedure 23(b) (3) class action pursuant to the state laws of Montana to recover unpaid wages, overtime wages, and other applicable penalties

2.      Plaintiff and Putative Class Members are those similarly situated persons who have worked for ROI Solutions, LLC in call centers, anywhere in the United States within the relevant statutes of limitations through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3.      Specifically, ROI has enforced a uniform company-wide policy wherein it improperly required its non-exempt hourly call-center employees—Plaintiff and the Putative Class Members—to perform work "off-the clock" and without pay.

4.      ROI's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of

their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.      Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.      ROI has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek on a routine and regular basis during the relevant time period.

7.      Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Montana state law.

8.      Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all other damages owed pursuant to Montana state-law as a Rule 23 class action.

9.      Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.     Plaintiff also prays that the Rule 23 class is certified as defined herein, and Plaintiff Stenulson be  named as Class Representative of the Montana State-Law Class.

## II.
## THE PARTIES

11. Plaintiff Stenulson was employed by ROI in Montana during the relevant time period. Plaintiff Stenulson did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Putative Class Members are those current and former non-exempt hourly call-center employees who were employed by ROI anywhere in the United States at any time from September 1, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and were paid.

13. The Montana State-Law Class Members are those current and former hourly-call center employees who were employed by ROI, in Montana, at any time from September 1, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Stenulson worked and was paid.

14. Defendant ROI Solutions, LLC ("ROI") is a limited liability corporation whose licensed to and doing business in the State of Utah and may be served with process through its registered agent for service of process: **CT Corporation System, 1108 E. South Union, Ave, Midvale, Utah 84047.**

### III.
### JURISDICTION AND VENUE

15. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has supplemental jurisdiction over the additional state-law claims pursuant to 28 U.S.C. §1367.

17. This Court has personal jurisdiction over ROI because the cause of action arose within this District as a result of ROI's conduct within this District and Division.

---

[1] The written consent of Veronica Stenulson is hereby filed as "Exhibit A."

18. Venue is proper in the District of Utah, because this is a a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, ROI maintains its business headquarters in the State of Utah and in this District and Division.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

### IV.
### ADDITIONAL FACTS

21. ROI employs more than 1000 employees worldwide providing customer service solutions to its customers.[2]

22. To provide its services, ROI employs thousands of hourly call-center employees—Plaintiff and the Putative Class Members—who assist ROI's customers and clients. The Plaintiff and Putative Class Members work for ROI in call centers owned and operated by ROI.

23. Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by ROI's customers, answering customer/client inquiries, fulfilling orders, accepting payments, selling business products, and generally assisting customers/clients.

24. Plaintiff Veronica Stenulson was employed by ROI as a Customer Service Representative in Billings, Montana from approximately September 2010 to July 2020.

25. Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

26. Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

---

[2] https://roicallcentersolutions.com/

5

27. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to two and a half (2.5) hours "off-the-clock" per week and have not been compensated for that time.

28. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for ROI as a result of ROI's corporate policy and practice of requiring its hourly call-center employees to clock-in only when ready for their first call.

29. Specifically, Plaintiff and the Putative Class Members are required to start up and log into their computers before their shift officially starts, and then log in to each ROI program, and ensure that each ROI program is running correctly—all of which can take up to twenty (20) minutes—before they are able to take their first phone call, which comes in as soon as their computers are fully operational.

30. If Plaintiff and the Putative Class Members are not ready and on the phone at the start of their scheduled shift, they can be (and often are) subject to discipline.

31. If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

32. Therefore, the only way Plaintiff and the Putative Class Members can be ready on time, and avoid discipline, is to arrive at work early, well in advance of their scheduled shifts, to prepare their computer "off-the-clock" and without pay.

33. Plaintiff and the Putative Class Members were not compensated for work they performed for ROI prior to their scheduled shifts, including their computer start-up time, although they were expected to have completed their computer start up in advance of their official start time.

34. As a result of ROI's corporate policies and practices of requiring Plaintiff and Putative Class Members to perform compensable work for ROI, including their start-up time while

off the clock, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all time worked in excess of forty (40) hours in a workweek at the rates required by the FLSA.

35. ROI has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

36. ROI is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week to Plaintiff and the Putative Class Members, but as has failed to do so.

37. Because ROI did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, ROI's pay policies and practices willfully violate the FLSA.

38. Because ROI did not pay Plaintiff and the Putative Class Members for all hours they worked, ROI's pay policies and practices also violate the state laws of Montana.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

39. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY ROI SOLUTIONS, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM SEPTEMBER 1, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

40. At all times hereinafter mentioned, ROI has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

41. At all times hereinafter mentioned, ROI has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

42. At all times hereinafter mentioned, ROI has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

43. ROI employed (and continues to employ) at least two or more workers—Plaintiff and the Putative Class Members—to provide goods and services through interstate commerce for the purposes of the FLSA.

44. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

45. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt hourly call-center employees of ROI who assisted ROI's customers who live throughout the United States. 29 U.S.C. § 203(j).

46. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

47. In violating the FLSA, ROI acted willfully and without a good faith basis and with reckless disregard of applicable federal law.

48. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 39.

49. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of ROI.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

50. ROI violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

51. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of ROI's acts or omissions as described herein; though ROI is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

52. Moreover, ROI knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

53. ROI knew or should have known its pay practices were in violation of the FLSA.

54. ROI is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

55. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted ROI to pay them in accordance with the law.

56. The decision and practice by ROI to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

57. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **FLSA COLLECTIVE ACTION ALLEGATIONS**

58. All previous paragraphs are incorporated as though fully set forth herein.

59. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of ROI employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

60. Other similarly situated employees of ROI have been victimized by ROI's patterns, practices, and policies, which are in willful violation of the FLSA.

61. The FLSA Collective is defined in Paragraph 39.

62. ROI's failure to pay for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of ROI, and does not depend on the personal circumstances of the Plaintiff or the FLSA Collective Members.

63. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

64. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

65. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

66. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

67. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and ROI will retain the proceeds of its rampant violations.

68. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

69. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 39 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of the Montana Wage Payment Act)**

**A.    MONTANA ACT COVERAGE**

70. All previous paragraphs are incorporated as though fully set forth herein.

71. The Montana Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY ROI SOLUTIONS, LLC, IN MONTANA, AT ANYTIME FROM SEPTEMBER 1,**

**2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Montana Class" or "Montana Class Members").**

72. At all times hereinafter mentioned, ROI has been an employer within the meaning of the MWPA, MONT. CODE ANN. § 39-3-201(5).

73. At all times hereinafter mentioned, Plaintiff Stenulson and the Montana Class Members have been employees within the meaning of the MWPA, MONT. CODE ANN. § 39-3-201(4).

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH MONTANA STATUTES**

74. All previous paragraphs are incorporated as though fully set forth herein.

75. ROI owes Plaintiff Stenulson and the Montana Class Members wages, as defined in section 39-3-210(6) of the MWPA, to compensate them for labor and services they provided to ROI in the furtherance of their job duties. See MONT. CODE ANN. §39-3-201(6).

76. Plaintiff Stenulson and the Montana Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of ROI.

77. These claims are independent of their claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA.

78. Plaintiff Stenulson and the Montana Class work substantial and significant times off the clock.

79. Plaintiff Stenulson and other Montana Class Members are not exempt from receiving overtime benefits under the MWPA

80. Plaintiff Stenulson and the Montana Class Members have suffered damages and continue to suffer damages as a result of ROI's acts or omissions as described herein; though ROI is in possession and control of necessary documents and information from which Plaintiff Stenulson would be able to precisely calculate damages.

81. The MWPA provides that Plaintiff Stenulson and the Montana Class Members are entitled to recover 110% of their unpaid wages. See MONT. CODE ANN § 39-3-206(1).

82. In violating the MWPA, ROI acted willfully, without a good faith basis and with reckless disregard of clearly applicable Montana law.

83. The proposed class of employees, i.e., Montana class members sought to be certified pursuant to the MWPA, is defined in Paragraph 71.

84. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records or ROI.

C. **MONTANA CLASS ACTION ALLEGATIONS**

85. Plaintiff Stenulson brings her MWPA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by ROI who worked in Montana since September 1, 2017.

86. Class action treatment of Plaintiff Stenulson's MWPA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

87. The number of Montana Class Members is so numerous that joinder of all class members is impracticable.

88. Plaintiff Stenulson's claims share common questions of law and fact with the claims of the other class members.

89. Plaintiff Stenulson is a member of the Montana Class, her claims are typical of the claims of other Montana Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

90. Plaintiff Stenulson and her counsel will fairly and adequately represent the Montana Class Members and their interests.

91. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

92. Accordingly, the Montana Class should be certified as defined in Paragraph 71.

## VI.
## RELIEF SOUGHT

93. Plaintiff respectfully prays for judgment against ROI as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 39 and requiring ROI to provide names, addresses, e-mail addresses, telephone number, and social security numbers of all putative Collective Action Members.

   b. For an Order certifying the Montana Class as defined in Paragraph 71 and designating Plaintiff Stenulson as the Class Representative of the Montana Class;

   c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   d. For an Order pursuant to section 16(b) of the FLSA finding ROI liable for unpaid wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in the amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   e. For an Order pursuant to Montana law awarding Plaintiff Stenulson and the Montana Class Members unpaid wages and other damages allowed by law;

  f. For an Order awarding the costs and expenses of this action;

  g. For an Order awarding attorneys' fees;

  h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  i. For an Order awarding Plaintiff Stenulson a service award as permitted by law;

  j. For an Order compelling the accounting of the books and records of ROI, at ROI's expenses; and

  k. For an Order Granting such other and further relief as may be necessary and appropriate.

Date: September 2, 2020    Respectfully submitted,

          By: /s/ **Austin B. Egan**
            Austin B. Egan
            STAVROS LAW P.C.
            *Attorney for Plaintiff*

          By: /s/ **Andrew W. Stavros**
            Andrew W. Stavros
            STAVROS LAW P.C.
            *Attorney for Plaintiff*

          By: */s/ Clif Alexander*
            Clif Alexander
            Austin W. Anderson
            **ANDERSON ALEXANDER, PLLC**
            *Attorneys for Plaintiff*
            (*Pro Hac Vice Admissions Anticipated*)