IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| VERONICA STENULSON, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROI SOLUTIONS, LLC,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-cv-00614-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court are: (1) Plaintiff Veronica Stenulson's ("Ms. Stenulson") motion for leave to amend her complaint,[2] and (2) the parties' Attorney Planning Meeting Report.[3] The court has carefully reviewed the parties' written submissions. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary on either Ms. Stenulson's motion or the parties' Attorney Planning Meeting Report. Therefore, the court decides both on the written submissions. Based upon the analysis set forth below, the court grants Ms. Stenulson's motion and orders the parties to submit a new Attorney Planning Meeting Report within fourteen days of this order.

---

[1] ECF No. 19.

[2] ECF No. 52.

[3] ECF No. 50.

## BACKGROUND

Ms. Stenulson's original complaint was filed on September 2, 2020, and asserts an individual and collective-action claim for violations of the Fair Labor Standards Act ("FLSA"), as well as an individual and class-action claim for violations of the Montana Wage Payment Act.[4] The original complaint generally alleges that Ms. Stenulson—who worked for Defendant ROI Solutions, LLC ("ROI") in Montana during the relevant time period—and other similarly situated ROI employees were not paid for all hours worked or the correct amount of overtime.[5] On October 15, 2020, Merrill Lowe ("Mr. Lowe")—who worked for ROI in Utah during the relevant time period—filed a "Consent to Join Wage Claim" in which he consented to participate in Ms. Stenulson's collective-action claim under the FLSA.[6]

ROI subsequently moved for summary judgment on Ms. Stenulson's original complaint on December 4, 2020.[7] Thereafter, Ms. Stenulson moved for conditional certification of and notice to the putative class members.[8] Ms. Stenulson also moved to continue ROI's motion for summary judgment under Fed. R. Civ. P. 56(d).[9]

On January 19, 2021, the parties filed an Attorney Planning Meeting Report in which they agreed that a revised Attorney Planning Meeting Report would be necessary after Judge

---

[4] ECF No. 2.

[5] *Id*.

[6] ECF No. 13-7.

[7] ECF No. 15.

[8] ECF No. 18.

[9] ECF No. 23.

Barlow ruled on the three motions referenced above.[10] The parties further agreed that no discovery should take place until Judge Barlow ruled on those motions.[11] Based upon the parties' agreements, the court entered an order the following day memorializing those agreements and requiring the parties to submit a revised Attorney Planning Meeting Report within fourteen days after Judge Barlow's ruling on the motions.[12]

After the parties' motions were fully briefed, Judge Barlow held oral argument on the motions.[13] At the hearing, Judge Barlow denied ROI's motion for summary judgment, denied as moot Ms. Stenulson's Rule 56(d) motion, and granted Ms. Stenulson's motion for conditional certification of and notice to the putative class members. The same day, Judge Barlow issued an order memorializing those rulings.[14] That order also required the parties to meet and confer concerning a stipulated class notice for submission to the court and ordered that discovery would currently be limited to only that pertaining directly to Ms. Stenulson's claims against ROI.[15]

ROI later filed an unopposed motion for an extension of time for the parties to submit an Attorney Planning Meeting Report,[16] which the court granted.[17] The parties filed their Attorney

---

[10] ECF No. 30 at 3.

[11] *Id.*

[12] ECF No. 32.

[13] ECF No. 46.

[14] ECF No. 47.

[15] *Id.* at 2.

[16] ECF No. 48.

[17] ECF No. 49.

Planning Meeting Report on the extended deadline of October 15, 2021.[18] In that report, the parties disagree about numerous scheduling matters and deadlines. The court has not yet entered a scheduling order.

On October 19, 2021, Ms. Stenulson filed her motion for leave to amend her complaint.[19] Ms. Stenulson's proposed amended complaint seeks to add Mr. Lowe as a named plaintiff, assert the FLSA claim on his behalf, and assert a new individual and class-action claim on his behalf for violations of the Utah Payment of Wages Act ("UPWA").[20] Like the original complaint, the proposed amended complaint generally alleges that Ms. Stenulson, Mr. Lowe, and other similarly situated persons who worked for ROI were not paid for all hours worked or the correct amount of overtime.[21] ROI opposes Ms. Stenulson's motion.[22]

After the parties' impasse regarding a stipulation to the form of a class notice and a notice plan, the parties each filed a brief on that issue on October 25, 2019.[23] The court will address the parties' dispute on that issue by way of a forthcoming separate order.

## ANALYSIS

Below, the court addresses Ms. Stenulson's motion for leave to amend her complaint, followed by the parties' Attorney Planning Meeting Report. Based upon the following analysis,

---

[18] ECF No. 50.

[19] ECF No. 52.

[20] ECF No. 52-1.

[21] *Id.*

[22] ECF No. 60

[23] ECF Nos. 56-57.

the court: (I) grants Ms. Stenulson's motion for leave to amend her complaint, and (II) orders the parties to submit a new Attorney Planning Meeting Report.

I.      **The Court Grants Ms. Stenulson's Motion for Leave to Amend Her Complaint.**

Ms. Stenulson's motion is governed by Fed. R. Civ. P. 15(a)(2), which provides that "[t]he court should freely give leave" to amend pleadings "when justice so requires."[24] The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court."[25] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[26]

Here, ROI argues only the factors of futility and undue delay. The court addresses both factors below but also discusses the relevant factor of prejudice. As shown below, Ms. Stenulson's proposed amended complaint: (A) is not futile, (B) was not unduly delayed, and (C) does not prejudice ROI. Therefore, the court grants Ms. Stenulson's motion.

    A.      **Ms. Stenulson's Proposed Amended Complaint Is Not Futile.**

Ms. Stenulson's proposed amended complaint is not futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[27] "Thus, in evaluating a

---

[24] Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

[25] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted).

[26] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

[27] *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citation omitted)

proposed amendment for futility, the court must apply the same standard it would apply in evaluating a [Fed. R. Civ. P.] 12(b)(6) motion to dismiss the proposed amended complaint."[28]

In arguing futility of amendment, ROI does not contend that allowing Mr. Lowe to assert the FLSA claim is futile. Thus, the court assumes that claim is not futile. ROI contends only that Mr. Lowe's proposed claim for violations of the UPWA is futile because it is barred by a one-year statute of limitations contained in the UPWA.[29]

However, as Ms. Stenulson correctly notes, the UPWA claim is timely under the one-year limitation period if that claim relates back. Rule 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Under Rule 15(c)(1)(B),

> as long as a factual nexus exists between the original and the amended complaint, the amended claims should be liberally construed to relate back to the original complaint. Generally, amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief[,] or add another claim arising out of the same facts.[30]

Here, there is a factual nexus between the original complaint and the UPWA claim in the proposed amended complaint. Indeed, the proposed UPWA claim arises from the same set of

---

[28] *Golden v. Mentor Capital, Inc.*, No. 2:15-CV-176-JNP-BCW, 2015 WL 13631247, at *1 (D. Utah Sept. 29, 2015) (citing *Bradley*, 379 F.3d at 901).

[29] Utah Code Ann. § 34-28-9(1)(e).

[30] *Yudin v. Univ. of Utah*, No. 2:13-CV-01063, 2014 WL 2615842, at *3 (D. Utah June 12, 2014) (quotations and citations omitted).

6

operative facts (i.e., that ROI failed to pay its workers for all hours worked or the correct amount of overtime). The proposed amended complaint simply seeks to add a new claim under the UPWA based on those same facts, which is exactly what Rule 15(c)(1)(B) contemplates.[31] Therefore, the proposed amended complaint relates back to either the date of the original complaint or the date that Mr. Lowe filed his consent form. In either case, even if the court assumes without deciding that a one-year statute of limitations in the UPWA applies, the UPWA claim is not time-barred. Thus, contrary to ROI's argument, the UPWA claim is not futile.

      B.      **Ms. Stenulson's Motion Was Not Unduly Delayed.**

Ms. Stenulson's motion for leave to amend was not unduly delayed. In considering undue delay, the United States Court of Appeals for the Tenth Circuit has stated that courts should focus "primarily on the reasons for the delay" and determine whether there is an "adequate explanation for the delay."[32] The Tenth Circuit has also stated that the "[e]mphasis is on the adjective: 'Lateness does not of itself justify the denial of the amendment.' Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action."[33]

---

[31] *Deakin v. Magellan Health, Inc.*, No. 1:17-CV-00773-WJ-KK, 2019 WL 5212805, at *4-5 (D.N.M. Oct. 16, 2019) (granting a motion for leave to amend the complaint and concluding that the amended complaint related back to the original complaint under Rule 15(c)(1)(B) where the plaintiffs had asserted FLSA claims for unpaid overtime wages in the original complaint and sought to include state-law individual and class action claims that arose "out of the same course of conduct—the alleged failure to pay overtime to this defined class of employees—set forth in the original complaint").

[32] *Minter*, 451 F.3d at 1206 (quotations and citations omitted).

[33] *Id.* at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

Although there was some delay here, it was not undue because there is an adequate explanation for any delay. Although Ms. Stenulson's original complaint was filed over a year ago, ROI moved for summary judgment several months after it was filed. Around the same time, Ms. Stenulson moved to conditionally certify the class and moved to continue ROI's motion for summary judgment. After briefing deadlines on those motions were extended several times, Judge Barlow ultimately decided the motions on September 24, 2021. Ms. Stenulson moved to amend her complaint less than one month after Judge Barlow's ruling. Under those circumstances, the court cannot say that there is not an adequate explanation for any delay.

Also important is the fact that Ms. Stenulson's motion was filed before any deadline for amending pleadings had been set, which further weighs against a finding of undue delay. Courts in the Tenth Circuit have routinely held that there is no undue delay when a motion to amend is filed before either a deadline for amending pleadings has been set or such a deadline has expired.[34] Furthermore, the fact that this action is still in its early discovery phase also militates

---

[34] *See, e.g.*, *Low v. Omni Life Science, Inc.*, No. CIV-18-305-SLP, 2020 WL 12787577, at *1 (W.D. Okla. May 26, 2020) (concluding that there was no undue delay, in part because the motion to amend was filed before the deadline for amending pleadings); *Deakin*, 2019 WL 5212805, at *2-3 (finding no undue delay where a motion to amend was filed before the deadline for amending pleadings and stating that "[t]he Court agrees with other courts that the amendment deadline would be rendered meaningless if a motion to amend filed before the deadline was held untimely"); *MFGPC, Inc. v. Mrs. Fields Franchising, LLC*, No. 2:15-cv-00094-JNP-DBP, 2019 WL 131852, at *2 (D. Utah Jan. 8, 2019) (finding no undue delay even when "a substantial amount of time" had passed since the filing of the complaint because, among other things, the motion to amend was filed before entry of a scheduling order and "[c]onsequently, there was no deadline for seeking to amend the pleadings"); *Prather v. First Student Inc.*, No. 18-CV-02178-CM-GEB, 2018 WL 6659614, at *3 (D. Kan. Nov. 21, 2018) (concluding that there was no undue delay, in part because the motion to amend was filed before the deadline for amending pleadings), *report and recommendation adopted*, No. 18-CV-2178-CM-GEB, 2019 WL 424185 (D. Kan. Feb. 4, 2019); *Park Prop. Mgmt., LLC v. G6 Hosp. Franchising, LLC*, No. 2:16-CV-00996-BCW, 2017 WL 1533450, at *2 (D. Utah Apr. 27, 2017) (same); *Rojas v. Westco Framers*

against a finding of undue delay. There is no scheduling order yet in place, and although some discovery is underway, it has not began in earnest.[35] Thus, allowing Ms. Stenulson to amend will not disrupt this case to the extent required to deny her motion.[36] For those reasons, Ms. Stenulson's motion to amend was not unduly delayed.

---

*LLC*, No. 15-CV-00168-WJM-KLM, 2015 WL 6164061, at *1 (D. Colo. Oct. 21, 2015) (same); *Jetpay Merch. Servs., LLC v. Merrick Bank Corp.*, No. 2:12-CV-197-RJS-BCW, 2014 WL 5165600, at *2 (D. Utah Oct. 14, 2014) (same); *Devs. Sur. & Indem. Co. v. Boswell-Olsen Enters., Inc.*, No. 2:12CV367, 2013 WL 12182107, at *1 (D. Utah Aug. 27, 2013) (same); *Moral v. Hagen*, No. CIV.A. 10-2595-KHV, 2012 WL 1788642, at *1 (D. Kan. May 17, 2012) (same); *Pahls v. Bd. of Cnty. Comm'rs for Cnty. of Bernalillo*, No. CV 08-53 LH/ACT, 2010 WL 11590669, at *3 (D.N.M. May 12, 2010) (same); *Bd. of Cnty. Comm'rs of Cnty. of La Plata, Colo. v. Brown Grp. Retail, Inc.*, No. CIV 08-CV-00855-LTB, 2009 WL 1706446, at *1 (D. Colo. June 16, 2009) (same); *BSB-UCP, Inc. v. Rsrv. Ctr., Inc.*, No. CIVA 08-CV-02295LTB, 2009 WL 1668545, at *1 (D. Colo. June 15, 2009) (same); *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 513 (D. Kan. 2007) (same); *Highland Rests., Inc. v. Judy's Foods, Inc.*, No. 83-4030, 1990 WL 92484, at *4 (D. Kan. June 26, 1990) (same).

[35] *See, e.g.*, *Deakin*, 2019 WL 5212805, at *2 (finding no undue delay even though the complaint had been filed two years prior to the motion to amend because the case was "procedurally . . . still in its nascency, and discovery ha[d] not yet begun"); *Prather*, 2018 WL 6659614, at *3 (concluding that there was no undue delay, in part because the motion to amend was filed "before any substantive discovery had taken place"); *Jetpay Merch. Servs., LLC*, 2014 WL 5165600, at *2 (finding no undue delay, in part because discovery was not set to close for over three months "leaving ample time for any additional discovery"); *Devs. Sur. & Indem. Co.*, 2013 WL 12182107, at *1 (concluding that there was no undue delay, in part because the motion to amend was filed while "the case [was] early in discovery"); *Bd. of Cnty. Comm'rs of Cnty. of La Plata, Colo.*, 2009 WL 1706446, at *1 (finding no undue delay, in part because the discovery deadline was not set to expire for approximately six months); *BSB-UCP, Inc.*, 2009 WL 1668545, at *1 (finding no undue delay, in part because "no discovery ha[d] been undertaken by either Defendant"); *Collins*, 245 F.R.D. at 512-13 (finding no undue delay, in part because discovery was ongoing was not set to close for approximately three months and because "[t]he parties will have ample time to conduct discovery, and Defendants will have significant time to prepare dispositive motions"); *Highland Rests., Inc.*, 1990 WL 92484, at *4 (finding no undue delay, in part because "discovery was still in progress").

[36] *See, e.g.*, *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) (upholding denial of motion to amend where the motion was filed four months after the deadline for amending pleadings); *Jetpay Merch. Servs., LLC*, 2014 WL 5165600, at *2 ("For example, the Tenth

### C. ROI Has Not Shown That It Will Be Prejudiced by Ms. Stenulson's Proposed Amendment.

The Tenth Circuit has held that "[t]he . . . most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[37] Indeed, "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."[38]

> Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues.[39]

Importantly, ROI does not argue this most important factor, which leaves the court to conclude that ROI will not be prejudiced by Ms. Stenulson's proposed amendment. And, even if ROI had argued prejudice, the court would conclude that there is none. Ms. Stenulson's proposed amendment will not affect ROI's ability to defend against her claims, and, as noted above, the proposed amended complaint does not arise out of different subject matter or raise any new important factual issues.

As demonstrated above, ROI's arguments concerning futility and undue delay are without merit. Furthermore, ROI fails to show, or even argue, that it would suffer any prejudice from Ms.

---

Circuit has upheld denials of motions to amend where discovery has closed, the parties are ready for trial, and the amendment would require additional discovery and preclude the entry of final judgment." (citing *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001)).

[37] *Minter*, 451 F.3d at 1207.

[38] *Id*. at 1207-08 (alteration in original) (quotations and citations omitted).

[39] *Id*. at 1208 (quotations and citations omitted).

Stenulson's proposed amendment. For those reasons, the court grants Ms. Stenulson's motion for leave to amend her complaint and orders her to file her amended complaint within seven days of the date of this Memorandum Decision and Order.

## II. The Court Orders the Parties to Submit a New Attorney Planning Meeting Report.

As noted above, the parties filed their Attorney Planning Meeting Report on October 15, 2021. After that filing, Ms. Stenulson moved for leave to amend her complaint. Given the passage of time associated with the briefing on Ms. Stenulson's motion and the court's consideration of the motion, it appears that many of the deadlines in the Attorney Planning Meeting Report are no longer workable. Accordingly, the court orders the parties to meet and confer again to attempt to agree upon a proposed scheduling order. Within fourteen days of the date of this Memorandum Decision and Order, the parties are ordered to file either a stipulated Attorney Planning Meeting Report and proposed scheduling order or an Attorney Planning Meeting Report outlining their respective positions on scheduling. Upon receipt of the filing, the court will address any necessary scheduling matters.

## **CONCLUSION AND ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Ms. Stenulson's motion for leave to amend her complaint[40] is GRANTED.

2. Ms. Stenulson shall file her amended complaint within seven days of the date of this Memorandum Decision and Order.

---

[40] ECF No. 52.

3. The parties shall meet and confer to attempt to agree upon a proposed scheduling order.

4. Within fourteen days of the date of this Memorandum Decision and Order, the parties shall file either a stipulated Attorney Planning Meeting Report and proposed scheduling order or an Attorney Planning Meeting Report outlining their respective positions on scheduling.

IT IS SO ORDERED.

DATED December 28, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge