# GENERAL SETTLEMENT AND RELEASE AGREEMENT

THIS AGREEMENT (the "Release Agreement") is made by and between Defendant ROI Solutions, LLC (hereinafter "ROI" or "Defendant") and Plaintiffs Veronica Stenulson and Merrill Lowe ("Plaintiffs").

WHEREAS, on September 2, 2020, Plaintiff Stenulson filed this hybrid Collective/Class Action lawsuit in the United States District Court for the District of Utah, captioned as *Stenulson, et al. v. ROI Solutions, LLC*, Case No. 2:20-cv-00614-DBB-JCB ("Action"), and on January 3, 2022, Plaintiff Stenulson and Plaintiff Lowe filed a First Amended Complaint, alleging ROI failed to pay its hourly call-center employees all wages and overtime under the FLSA and state law;

WHEREAS, ROI denied and continues to deny the allegations raised in the Action; and

WHEREAS, ROI and Plaintiffs mutually desire to resolve certain disputes relating to Plaintiffs' employment with ROI and/or the subject matter of the Action.

NOW, THEREFORE, IT IS HEREBY AGREED, by and between ROI and Plaintiffs (referred to together as the "Parties") as follows:

1.      <u>Release of All Claims</u>.  In consideration of ROI's payment to Plaintiffs of the Service Awards as described in Paragraph III.(B) of the Settlement Agreement and Release filed in the Action, if approved by the Court, Plaintiffs hereby fully waive, discharge, and release ROI and its past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, co-insurers, re-insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, joint venturers, and personal or legal representatives ("Released Parties") from any and all liabilities, obligations, claims, debts, demands, damages, costs, expenses, covenants, attorneys' fees, actions and causes of action, of any kind or nature whatsoever, in contract, tort, law, equity, or otherwise, whether known or unknown, past or present, patent or latent, anticipated or unanticipated, accrued or unaccrued, which may have accrued or arisen at any time prior to the date this Release Agreement is signed by each Plaintiff. Plaintiffs acknowledge that matters now unknown to them may have given rise to claims which are presently unknown and that this release has been given in light of that acknowledgmentPlaintiffs understand that this release includes, but is not limited to, (1) all claims, complaints, rights, demands, liabilities and causes of action that are alleged, or could have been alleged based on the facts and claims asserted in the operative Complaint in this action, including, but not limited to, all of the following claims for relief: (a) that Defendant failed to pay and/or properly calculate all wages due, including the regular rate of pay, straight time, compensable time, overtime, double-time, premium pay, bonuses, minimum wages, and all other forms of wages; (b) that Defendant required its employees to perform work "off-the clock" and without pay; and (c) that Defendant is responsible for all unpaid wages and overtime, liquidated damages, and other damages owed under the Fair Labor Standards Act ("FLSA") as through an individual or collective action pursuant to 29 U.S.C. § 216(b), and to recover all other damages owed pursuant to state laws as an individual or as a participant in a Rule 23 class action, along with any other related wage and hour claims under the FLSA, under the theories of quantum meruit, unjust enrichment, conversion, breach of contract, theft of labor, and any other state, federal, or local law related to the payment of wages, overtime, minimum wage, all claims for costs, attorneys' fees and/or interest, or any other benefits against Released Parties; (2) any and all claims relating to or arising out of their employment with

4868-1531-9853.v3

and/or separation of employment from ROI, of whatever nature, known or unknown, that they may have against ROI; and (3)any and all claims for unpaid wages or unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA") and the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101, et seq. ("WARN"). Plaintiffs further understand that this release includes, but is not limited to, all claims relating to or arising out of the same transaction, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in the Action, and any claims challenging the practices that gave rise to the claims asserted in the Action. Plaintiffs further understand that this release includes, but is not limited to, all claims that relate in any way to their employment with ROI, including without limitation claims that were asserted or could have been asserted in the Action, including all claims for monetary damages, compensatory damages, punitive damages, front pay, back pay, liquidated damages, penalties, and all forms of injunctive, declaratory or equitable relief, and costs and attorneys' fees, whether arising under any federal, state, local or common laws or regulations. This Release Agreement does not prohibit Plaintiffs from filing a charge of discrimination with any governmental agency relating to their former employment, but does preclude them from receiving any monetary or economic benefit as a result of any action the agency may take. Nothing in this Agreement shall prohibit Plaintiffs from making truthful statements or disclosures regarding unlawful employment practices or waive Plaintiffs' rights to testify in an administrative, legislative, or judicial proceeding concerning alleged criminal conduct or alleged unlawful employment practices if required or requested to attend the proceeding pursuant to a court order, subpoena, or written request from an administrative agency or the legislature.

2.      This Release Agreement together with the Settlement Agreement and Release constitutes the entire agreement between the Parties regarding the subject matter therein. No amendment, modification, change, or alteration of this Release Agreement shall be valid or binding unless signed by Plaintiffs, on the one hand, and ROI, on the other.

3.      The parties acknowledge that no representation, promise or inducement has been made to them other than as set forth in this Release Agreement and the Settlement Agreement and Release, and that they enter into this Release Agreement without reliance upon any other representation, promise, or inducement not set forth herein or in the Settlement Agreement and Release. The parties also acknowledge that they had the opportunity to consult with an attorney of their choosing concerning this Release Agreement and that they have read and understand this Release Agreement, are fully aware of its legal effect, and have entered into it knowingly and voluntarily.

4.      Each paragraph and clause of this Release Agreement shall be deemed severable from all other provisions, and the invalidity or unenforceability of any provision shall not affect the validity or enforceability of the remaining provisions, so long as the material effect, consideration, and intent of this Release Agreement as to all parties is achieved. In addition, to the extent permitted by applicable law, any invalid or unenforceable provision shall be enforced to the maximum extent permitted by applicable law.

5.      The language of all parts of this Release Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. This Release Agreement may be executed by the parties in separate counterparts, with the same effect as if the parties had signed the same document, and may be signed electronically via PDF. When each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original,

and, when taken together with other signed counterparts, shall constitute one Release Agreement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

6.     This Release Agreement shall be binding upon, and inure to the benefit of, the parties and their respective heirs, executors, administrators, representatives, successors, transferees and assigns.

7.     This Release Agreement shall be interpreted in all respects by the laws of the State of Utah without reference to conflicts of laws principles.

8.     The settlement reflected in the Settlement Ageeement and Release and this Release Agreement shall not in any way be construed as an admission by ROI or Plaintiffs of any liability or acts of wrongdoing, which liability and responsibility for damages are specifically denied.

9.     The parties hereto represent and warrant to the other that this Release Agreement has been duly executed by such party and constitutes a valid and binding obligation, enforceable in accordance with its terms, and no consent or authorization of any other person or entity is required or necessary. Each party represents and warrants that they have not previously conveyed or assigned the rights and claims released herein to a third party.

**I HEREBY ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS RELEASE AGREEMENT AND KNOW AND UNDERSTAND THE CONTENTS AND THAT I EXECUTE THIS RELEASE KNOWINGLY AND VOLUNTARILY:**

VERONICA STENULSON

Dated: _____          _____
                                 Veronica Stenulson

MERRILL LOWE

Dated: _____          _____
                                 Merrill Lowe

ROI Solutions, LLC

4868-1531-9853.v3

Dated: _____ _____

By:_____

Its:_____

4868-1531-9853.v3